UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| BILL JONES, ) <br>     Plaintiff, ) <br> ) <br> VS. ) <br> ) <br> WASHINGTON NATIONAL INSURANCE ) <br> COMPANY, ) <br>     Defendant. ) | CASE NO. _____ |

## DEFENDANT'S NOTICE OF REMOVAL

COMES NOW Defendant, WASHINGTON NATIONAL INSURANCE COMPANY ("Washington National") by counsel, pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, and hereby gives notice of removal of the above-styled matter from the Circuit Court for Carter County, at Elizabethton, Tennessee, to the United States District Court for the Eastern District of Tennessee, at Greeneville.

The Civil Cover Sheet is attached hereto as Ex. A. In support of removal, Washington National states as follows:

**A.   Introduction**

1. On or about February 9, 2015, Plaintiff BILL JONES ("Plaintiff") filed a Complaint against Washington National in the Circuit Court for Carter County at Elizabethton, Tennessee, under Cause No. C13483 (the "State Court Action").

2. The State Court Action file served on Washington National is attached hereto as Composite Ex. B, as required by 28 U.S.C. § 1446.

3. The Complaint generally alleges Washington National committed breach of contract, breach of good faith, and violations of the Tennessee Consumer Protection. (*See Complaint, attached as Ex. B*).

4. More specifically, Plaintiff asserts the following causes of actions against Washington National: (a) breach of contract; (b) willful and intentional breach of contract; (c) breach of good faith under the Tennessee Consumer Protection Act; and (d) intentional, reckless and/or malicious actions supporting punitive damages, treble damages, expenses, costs, pre-judgment interest, and attorney fees. (*Id.* at ¶¶ 33-38 *and Prayer, p.6*).

5. In the Prayer of the Complaint, Plaintiff seeks to recover from Washington National as follows:

> WHEREFORE, Plaintiff prays:
>
> 1. That court find that the Defendant, Washington National Life Insurance, knowingly, intentionally, and with bad faith, breached the subject insurance policy with the Plaintiff.
>
> 2. That the Plaintiff be awarded compensatory damages in an amount not to exceed twenty five thousand dollars ($25,000.00), and punitive damages not to exceed two hundred and fifty thousand dollars ($250,000.00).
>
> 3. That the Court find the Defendant failed in good faith to reinstate the subject insurance policy without penalty to the Plaintiff, and in this regard, award Plaintiff an additional sum not exceeding twenty-five percent (25%) of the liability for the Plaintiffs loss, pursuant to T.C.A. Section 56-7-105 (a).
>
> 4. That the Court find that the Defendant violated the Tennessee Consumer Protection Act and, in this regard, award Plaintiff treble damages and all costs and expenses pursuant to the Act.
>
> 5. That the Plaintiff be awarded costs, including discretionary costs, and attorney's fees for this action.
>
> 6. For such other, further and general relief to which the Plaintiff may be entitled, including pre-judgment interest.

7. For a jury to try the issues in this cause.

(*Id. at Prayer, p.6*).

**B.     The Removal Notice is Timely**

6. This Court has original jurisdiction based on diversity of citizenship and the amount in controversy under 28 U.S.C. § 1332, and thus, removal of this State Court Action is proper under 28 U.S.C. § 1441(a).

7. 28 U.S.C. § 1446(b) (1) provides a 30-day time period for removal to federal court.

8. Plaintiff served Washington National by the Tennessee Department of Commerce and Insurance on or about March 3, 2015. *See Complaint, Ex B, and attached summons*.

9. Washington National first received a copy of the Complaint on that date, March 3, 2015.

**C.     Venue is Proper in this Court**

10. Venue properly lies in this United States District Court for the Eastern District of Tennessee, at Greeneville, under 28 U.S.C. § 1391(a)(2) and 28 U.S.C. § 95(a)(2), as this Division of this District embraces the location of the Tennessee State court where the State Court Action is currently pending.

**D.     Diversity of Citizenship Exists**

11. This is an action between citizens of different states. An individual's citizenship is based on his or her domicile.

12. Citizenship, for purposes of the diversity statute, is synonymous with domicile not with residence. *Kaiser v. Loomis, 391 F.2d 1007, 1009 (6th Cir. 1968)*.

13. The place where a person lives is taken to be his domicile until facts adduced establish the contrary. *Mitchell v. United States, 88 U.S. 350, 352 (1875).*

14. Here, Jones alleges he is a citizen and resident of Carter County, Tennessee. (*See Ex. B, Complaint. ¶ 1* ("Plaintiff is a citizen and resident of Carter County, Tennessee, residing at 174 Dry Branch Road, Elizabethton, Tennessee.")

15. Plaintiff's address of 174 Dry Branch Road, Elizabethton, Tennessee is also confirmed by the Real Estate Assessment Data, showing that for the tax year 2015, Plaintiff is deemed to be an owner of the residence at that address. *See Real Estate Assessment Data, attached here to as Exhibit C.*[1]

16. When application for the Policy (the "Policy") was made in 1996, Plaintiff lived at Route 5, Box 850, Elizabethton, TN 37643, and that address is reflected on cards issued in the Plaintiff's name, copies of which are attached to the Complaint. (*See Ex. B, Complaint, Exhibit A, Policy, Application and Policy cards, attached thereto*).

17. These facts further prove that Plaintiff is firmly rooted in and indeed a citizen of Tennessee.

18. A corporation's citizenship is based on its State of incorporation and principal place of business. 28 U.S.C. § 1332(c) (1).

19. Here, Washington National is a corporation organized and existing pursuant to the laws of the State of Indiana, with its principal place of business located in Indiana. *(See Affidavit of Karl Kindig, Exhibit D)*.

20. Therefore, Washington National is a citizen of Indiana for diversity jurisdiction purposes. *See* 28 U.S.C. §1332(c) (l).

**E.     The Amount in Controversy Requirement is Satisfied**

21.     The diversity statute requires that "the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

### 1. The Demand in the Complaint at the Time it is Filed Controls

22.     Jurisdiction is determined at the time of removal. *Foxx v. Healix Infusion Therapy, Inc., 2012 U.S. Dist. LEXIS 181610 (E.D. Tenn. Dec. 13, 2012)*.

23.     The court looks to the complaint at the time it was filed. *St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291-92, 58 S. Ct. 586, 82 L. Ed. 845 (1938)*.

24.     Since the defendant must file his petition before the time for answer or forever lose his right to remove, the amount claimed in the Complaint when the action was commenced generally controls, as long as the amount was claimed in good faith. *Id.*

25.     Subsequent events which reduce the amount recoverable below the statutory limit do not divest the court of jurisdiction. *Charvat v. GVN Mich. Inc., 561 F.3d 623, 623-28 (6th Cir. 2009.); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-290 (1938); accord, Klepper v. First Am. Bank, 916 F.2d 337, 340 (6th Cir. 1990)*.

26.     To defeat diversity jurisdiction, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount. *Charvat v. GVN Mich., Inc., 561 F.3d 623, 628 (6th Cir. 2009), quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938)*.

---

[1] *See* http://www.assessment.cot.tn.gov/RE_Assessment/ParcelDetailIMPACT.aspx

### 2. Plaintiff's Demand for Compensatory Damages of up to $25,000, Treble Damages, Punitive Damages of no More than $250,000, and Attorney Fees Brings the Controversy to the Threshold Limit

27. In addressing the amount in controversy, Washington National does not concede the validity of Plaintiff's claims or attempt to predict what Plaintiff will recover.

28. Since Washington National must file this Petition for Removal within thirty days or forever lose the right to remove, Washington National is entitled to rely on a "fair reading" of the express allegations set forth in the Complaint. *See generally, Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 572 (6th Cir. 2001), citing Gafford v. Gen. Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993).*

29. 28 U.S.C. §1441 (c) (2) specifically provides that" the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."

30. Here, the Complaint specifically seeks monetary amounts of no more than $25,000 in compensatory damages, and no more than $250,000 in punitive damages. *(Complaint, Prayer, p.6).*

31. In addition thereto, the Complaint requests sums not to exceed 25% under T.C.A. Section 56-7-105, treble damages, costs, and attorney fees. *(Complaint, Prayer, p.6).*

32. T.C.A. Section 56-7-105 expressly provides for attorney fees, which are calculated within the 25%. *See 56-7-105* ("…measured by the additional expense, loss, and injury including attorney fees thus entailed.")

33. Reasonable attorney fees, when mandated or allowed by statute, may be included in the amount in controversy for purposes of diversity jurisdiction." *Charvat v. GVN Michigan,*

6
Case 2:15-cv-00078-JRG-MCLC   Document 2   Filed 03/31/15   Page 6 of 8   PageID #: 8

*Inc., 561 F.3d 623, 630 (6th Cir. 2009), citing, Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 376 (6th Cir. 2007).*

34. According to the Affidavit of Leslie T. Ridings, attached hereto as Exhibit E, attorney fees may range from $8500.00 to $15,000.

35. If Plaintiff recovers the requested $25,000, with treble damages thereon, the threshold amount is reached.

36. Under Tennessee law, punitive damages may be awarded up to 500,000.00. T.C.A. Section 29-39-104.

37. Here Plaintiff has requested an amount not to exceed $250,000.00, which is an amount in excess of the $75,000.00 threshold amount.

38. Punitive damages must be considered when determining the amount in controversy, unless it is apparent to a legal certainty that they cannot be recovered. *Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 572 (6th Cir. 2001).*

39. Based on the face of the Complaint and a fair reading thereof, Plaintiff's specification of monetary amounts and prayer for relief satisfies the threshold to support removal. *Compare, Wallace v. Ocwen Loan Servicing, LLC, 2011 U.S. Dist. LEXIS 121503 (M.D. Tenn.2011)* (Where Plaintiffs did not specifically request treble damages and attorney's fees, based upon the cited authority, court concluded defendant had met the burden that the amount in controversy was over $75,000).

40. As required by 28 U.S.C. §1446(d), written Notice of Removal is being given to all adverse parties, and a copy of the Notice is being filed with the Circuit Court for Carter County at Elizabethton, Tennessee.

WHEREFORE, Defendant Washington National, by counsel, respectfully requests that the State Court Action be removed from the Circuit Court for Carter County at Elizabethton, Tennessee, to the United States District Court for the Eastern District of Tennessee, at Greeneville, and proceed as an action properly removed thereto.

Dated this **31st** day of **March**, 2015.

Respectfully submitted,

WASHINGTON NATIONAL INSURANCE COMPANY

By:     */s/ Leslie Tentler Ridings*
Leslie Tentler Ridings
TN BPR No. 019621
Attorneys for Defendant, Washington National Insurance Company
**HUNTER, SMITH & DAVIS, LLP**
Post Office Box 3740
1212 North Eastman Road
Kingsport, TN 37664-0740
(423) 378-8800

## CERTIFICATE OF SERVICE

I certify that the foregoing *Defendant's Notice of Removal* has been furnished electronically via CM/ECF this **31st** day of **March** to the following:

**KRISTI NORRIS JOHNSON, BPR #22082**
714 First Street
Elizabethton, TN 37643
*Attorney for Plaintiff*

    */s/ Leslie Tentler Ridings*
Leslie Tentler Ridings
TN BPR No. 019621
Attorneys for Defendant, Washington National Insurance Company
**HUNTER, SMITH & DAVIS, LLP**
Post Office Box 3740
1212 North Eastman Road
Kingsport, TN 37664-0740
(423) 378-8800